UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENAIR RIBEIRO BRUM TEXEIRA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; DAVID WESLING, Acting Field Office Director, Immigration and Customs Enforcement, Boston; JOSEPH D. MCDONALD, Sheriff of Plymouth County, Massachusetts; and ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br><br>Respondents. | Civil Action No. 1:25-cv-13460-IT |

MEMORANDUM & ORDER

November 26, 2025

TALWANI, D.J.

Petitioner Genair Ribeiro Brum Texeira alleges in his Petition [Doc. No. 1] that on November 19, 2025, he was detained by ICE while leaving his home for work. Pet. ¶ 16. Petitioner alleges, and Respondents concur, that Petitioner is currently being held in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 6 [Doc. No. 1]; Respondents' Abbrev. Resp. 2 [Doc. No. 6].

On November 19, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he "expects to be denied bond at a bond redetermination hearing before an Immigration Judge, should he seek such relief," because he

expects the Immigration Court will conclude that Petitioner "is subject to mandatory detention as an 'applicant for admission' subject to expedited removal pursuant to 8 USC § 1225(b)(2)." Pet. ¶ 2 [Doc. No. 1].[1] Petitioner argues that he "clear[ly] qualifi[es] for consideration of bond pursuant to 8 U.S.C. § 1226[,]" id. ¶ 17, and thus requests that this court direct the Executive Office of Immigration Review "to expeditiously provide an appropriate bond hearing[.]" Id. at p. 8.

In response, Respondents assert that Petitioner's detention is authorized pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents' Abbrev. Resp. 2 [Doc. No. 6]. Yet, Respondents also concede that this court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025) has held that "8 U.S.C. § 1226(a)—not § 1225(b)—governed the petitioner's detention." Id. at 2–3. Accordingly, Respondents recognize that "[s]hould the Court apply the reasoning of those cases here, it would reach the same result." Id. at 3.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

---

[1] It is not clear to the court based on the Petition [Doc. No. 1] whether Petitioner has already received a bond hearing during which he was impermissibly denied bond, or whether a bond hearing has not yet been held and Petitioner expects to be denied bond pursuant to 8 U.S.C. § 1225. See Pet. ¶ 33 ("The Immigration Judge did not weigh these factors. As a result, her dismissal of bond is an abuse of discretion and exceeds her statutory authority, as interpreted by EOIR."); but see id. ¶ 2 (noting "Petitioner expects to be denied bond at a bond redetermination hearing before an Immigration Judge"). In either event, for the reasons stated below, the court finds that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

The <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is therefore GRANTED as follows. No later than December 3, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on <u>Matter of Yajure Hurtado</u>, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

November 26, 2025                                          /s/ Indira Talwani
                                                           United States District Judge